IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALONSO GUARDADO FLORES<br>1650 Columbia Rd., NW<br>Washington, D.C. 20009<br><br>　　PLAINTIFF,<br><br>v.<br><br>MARYLAND 18TH STREET PIZZA, INC.<br>d/b/a PIZZA MART<br>2445 18th Street, NW<br>Washington, DC 20009<br><br>Serve: Mobeen Chishti<br>5120 Sargent Rd., NE<br>Washington, DC 20017<br><br>And<br><br>MUNIR CHISTI<br>7903 Jasons Landing Way<br>Severn, MD 21144<br><br>　　DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No.: |

## COMPLAINT

Plaintiff Alonso Guardado Flores ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants Maryland 18th Street Pizza, Inc. d/b/a Pizza Mart, ("Pizza Mart"), and Munir Chisti ("Chisti") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

### PARTIES AND JURISDICTION

1.　Plaintiff is an adult resident of the District of Columbia. By participating

as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA and DCMWA.

2. Pizza Mart is a corporation formed under the laws of the State of Maryland with its principal place of business in the District of Columbia.

3. Pizza Mart is a restaurant operating in the District of Columbia.

4. Munir Chisti owns and operates Pizza Mart.

5. At all times during Plaintiff's employment, Defendants served food products that originated and otherwise traveled outside of Washington, D.C. and the United States. Thus, Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. On information and belief, Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

8. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for purposes of the FLSA and DCMWA.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or

proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

10. Munir Chsiti owned and operated Pizza Mart during Plaintiff's employment at the restaurant. Upon information and belief, Munir Chisti operates Pizza Mart as a close family business.

   a. During Plaintiff's employment, Munir Chisti had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

   b. During Plaintiff's employment, Munir Chisti had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality.

   c. During Plaintiff's employment, Munir Chisti set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule.

   d. During Plaintiff's employment, Munir Chisti set and determined or had the power to set and determine Plaintiff's rate and method of pay.

   e. During Plaintiff's employment, Munir Chisti controlled, and was in charge of, the day-to-day operations of Pizza Mart.

11. Defendants employed Plaintiff from 2006 until July 13, 2015. Plaintiff primarily worked as a cook.

12. During Plaintiff's entire employment period, Plaintiff typically and customarily worked 62 hours per week. Defendant had knowledge that Plaintiff typically and customarily worked 62 hours per week, or Defendant suffered or permitted Plaintiff

to typically and customarily work 62 hours per week.

13. Defendants initially paid Plaintiff the D.C. minimum wage of $8.25 per hour. On or about July 1, 2014, Defendants switched Plaintiff to a salary. Defendants then paid Plaintiff $700 twice per month until approximately July 1, 2015, when Defendants began paying Plaintiff $800 twice per month.

14. Plaintiff's twice monthly salary did not compensate Plaintiff for the hours he worked over forty (40) in each week ("overtime hours"), and resulted in real hourly wages below the minimum wage requirement set forth in the DCMWA.

15. Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) his regular rate for his overtime hours.

16. Defendants' failure and refusal to pay Plaintiff at one-and-one-half times (1.5x) his regular rate, as required by the FLSA and the DCMWA, was willful and intentional, and was not in good faith. This is evidenced by the fact that Defendants switched Plaintiff from an hourly to a salaried employee at the same time the D.C. minimum wage increased and surpassed Plaintiff's hourly wage.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

17. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

18. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40) ("overtime hours").

19. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employers" under FLSA, 29 U.S.C. § 207(a)(2).

20. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

21. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

22. As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all overtime hours he worked.

23. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

24. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

25. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

26. Defendants, as Plaintiff's employers under the DCMWA, were obligated

to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

27. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week during Plaintiff's employment.

28. As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

29. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Minimum Wage)**

30. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

31. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

32. As set forth above, Defendants failed to pay Plaintiff at an hourly rate that complies with the D.C. minimum wage requirement.

33. As set forth above, Defendants failed to pay Plaintiff at an hourly rate that

complies with the Federal overtime pay requirement.

34. At all times during Plaintiff's employment, Defendants had actual knowledge of the D.C. minimum wage requirement and had actual knowledge that the rate and method by which Defendants paid Plaintiff was in direct violation of the requirement.

35. Defendants' failure to pay Plaintiff a minimum wage was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III for the difference between the wages paid to Plaintiff and the minimum wages required by the DCMWA in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com

*Counsel for Plaintiff*